to bring himself substantially within its provisions the right is lost.

We are of the opinion that appellant acquired no right by his written notice to appellee, at the time of the levy, that the articles in question were covered by the description "miscellaneous articles." The question of a debtor's right to amend his schedule is not involved. Appellant did not amend his schedule or ask to amend it. The writing in question was simply an assertion of his contention here that the description was sufficient to cover the articles about to be levied upon. Under former statutes there was no time fixed within which the debtor should file his schedule. Under the present statute it is quite clear that a debtor could not be permitted to file a schedule describing his property in general terms that would not enable the constable to find it, and then after the ten days elapsed file an amended schedule properly describing the items of property. Much less could he be permitted to remedy a defective schedule by a written statement to the effect that he regarded it sufficient.

Complaint is made of the action of the court in giving and refusing instructions. If there was any controverted fact for the jury to pass upon, it is sufficient to say that the instructions were more favorable to appellant than they should have been under the views above expressed. The judgment is affirmed.

*Affirmed.*

Joseph McFadden, Appellant, v. Adam Deck et al., Appellees.

Gen. No. 6,010.    (Not to be reported in full.)

Appeal from the Circuit Court of Putnam county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 9, 1915.

## Statement of the Case.

Joseph McFadden sued Adam Deck, John Dore and James McCutcheon in assumpsit, filing a declaration consisting of the common counts and two special counts based on two promissory notes given by the defendants to the Marsh Company, and assigned to the plaintiff. Copies of the notes, which were in common form except that at the left of the defendants' signatures appeared the words "Commissioners of Hennepin Drainage District," were filed with the declaration. General and special demurrers were entered to the special counts, on the ground that it did not appear whether the Marsh Company was an individual, copartnership or corporation. The general demurrer was sustained; plaintiff dismissed the common counts from his declaration, and elected to abide by the special counts, whereupon judgment was entered against him, from which he appeals.

WILLIAM C. MOONEY and C. N. HOLLERICH, for appellant.

JAMES E. TAYLOR and PRETTYMANN, VELDE & PRETTYMANN, for appellees.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 336*—*when copy of note filed is not part of declaration.* A copy of a promissory note filed with a declaration is no part of the pleading.

2. BILLS AND NOTES, § 336*—*when demurrer to declaration does not reach copy of note filed.* Since a copy of a promissory note filed with a declaration is no part of the pleading, it cannot be noticed on demurrer.

3. APPEAL AND ERROR, § 420*—*when judgment reversed on point not raised in trial court.* A judgment rendered on a copy of a promissory note filed with a declaration on demurrer to such pleading, will be reversed on appeal, since the copy of the note was no part of the declaration, notwithstanding the question was not raised in the trial court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.