## Marie A. Hesse, Administratrix, Defendant in Error, v. John A. Colby & Sons, Plaintiff in Error.

### Gen. No. 21,177.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed. Opinion filed February 1, 1916.

### Statement of the Case.

Action by Marie A. Hesse, administratrix of the estate of Frances Branitzky, deceased, plaintiff, against John A. Colby & Sons, defendant, in the Municipal Court of Chicago, to recover on a written con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tract between plaintiff's intestate and defendant for seven monthly instalments of salary alleged to be due under the contract.    To reverse a judgment for plaintiff for $350, defendant prosecutes this writ of error.

Frances Branitzky was employed as a saleswoman by defendant for many years, and was specially valuable as such.    In May, 1908, she was injured in defendant's building.    February 11, 1910, she executed a general release to defendant and others in consideration of $6,068.20.    February 9, 1910, she entered into an agreement with defendant which refers to the release as executed therewith, in part as follows:

"That in consideration of a general release herewith executed by the party of the second part, to the party of the first part and others, and as a part of the consideration for said general release, the party of the first part promises and agrees to pay to the party of the second part the sum of three thousand dollars ($3,000), payable monthly, commencing February 1st, 1910, said sum to be payable in equal instalments of fifty dollars ($50) per month.

"The party of the second part, as a part of the consideration for this payment, agrees that during the five years from February 1st, 1910, she will perform such clerical services for the party of the first part as she may be called upon to do and as she may be physically able to perform without injury to her health or strength.

"It is understood and agreed by the parties hereto that the hours of the party of the second part for such services shall be easy and that she shall be the judge as to whether or not she is able to work during said period of time, the meaning and intention being that the party of the second part shall perform such clerical work for the party of the first part as she is able to perform without injury to her health or strength during said period."

Defendant paid plaintiff's intestate $50 each month ($1,800 in all) up to her death in February, 1913. Meanwhile she rendered no services for defendant, but

rendered similar services for another firm from October, 1912, until the month before her death, working eight and one-half hours a day.

The action was tried by the court without a jury and the finding was for plaintiff for the amount of her claim.

ADAMS, FOLLANSBEE, HAWLEY & SHOREY, for plaintiff in error; CLYDE E. SHOREY, of counsel.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; JULIUS MOSES and ARTHUR E. MANHEIMER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 11*—*what constitutes contract for personal services.* A contract providing that defendant shall pay plaintiff's intestate $50 per month during the term of the contract, and further providing that plaintiff "will perform such clerical services for" defendant "as she may be called upon to do and as she may be physically able to perform without injury to her health or strength," but expressly allowing plaintiff's intestate to be the judge of whether or not she is able to work within the meaning of the contract, is to be construed as a contract for personal services.

2. MASTER AND SERVANT, § 76*—*when death before time for payment of instalments of salary bars recovery.* In an action to recover on a written contract of employment, where the pleadings show that the contract sued on was for personal services, and the affidavit of merits shows as an admitted fact that the contractor died before any of the instalments of salary fell due, such pleadings present no legal cause of action.

3. PLEADING, § 345*—*when exhibits not part of.* Exhibits "annexed" to common-law pleadings are not part of such pleadings.

4. MUNICIPAL COURT OF CHICAGO, § 13*—*when contract sued on part of pleadings.* In an action in the Municipal Court of Chicago to recover on a written contract, where the contract sued on is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hesse v. John A. Colby & Sons, 197 Ill. App. 642.

"annexed" to the statement of claim, but where defendant's affidavit of merits is predicated on the existence of such contract, the contract is to be treated as having been made part of the pleadings, although it does not appear whether it would be part of such pleadings under the rules of the Municipal Court, the system of pleading and practice being loose, and it being in such case proper to construe such pleadings liberally.

5. MASTER AND SERVANT, § 80*—*when question of law only presented in pleadings.* In an action to recover on a written contract of employment where the pleadings show a contract for personal services, and also show as an admitted fact that contractor died before any of the instalments of salary sued for fell due, the pleadings present merely a question of law.

6. CONTRACTS, § 164*—*when parol proof inadmissible in construction of.* In an action to recover on a written contract for personal services, contract construed and *held* not ambiguous or uncertain so as to require proof of extraneous facts or circumstances in aid of construction.

7. CONTRACTS, § 164*—*how unambiguous contract construed.* Where the language of a written instrument is unequivocal it must be construed as written.

8. MASTER AND SERVANT, § 11*—*when contract for personal services construed as providing for bona fide exercise of judgment by employee whether able to work.* A contract providing that the master shall pay to the servant a stated sum each month during the term of the contract, the servant to perform such services for the master "as she may be physically able to perform without injury to her health or strength," and making the servant the judge as to whether she is able to work within the meaning of the contract, does not leave it optional with the servant whether to work or not, but calls for a bona fide exercise of her judgment in that regard.

9. MASTER AND SERVANT, § 11*—*how contract for rendition of personal services construed.* In an action to recover on a written contract providing that defendant should pay plaintiff's intestate a stated sum of money each month during the term of the contract, intestate to "perform such clerical services" for defendant "as she may be called upon to do and as she may be physically able to perform without injury to her health or strength," and making intestate the judge of whether she was able to work within the meaning of the contract, the contract reciting that it was executed in part consideration of a general release given by intestate to defendant and others of liability for injuries sustained by intestate, *held* that the contract was to be construed as contemplating that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant was to have the benefit of intestate's services whenever by a bona fide exercise of her judgment she was able to work without injury to her health or strength, and that in addition to the sum paid as consideration for the release defendant was to furnish intestate with employment for the term of the contract at the stipulated salary without deductions for absence when unable to work.

10. TRIAL,—*when .finding and judgment for defendant enterable upon motion without evidence.* Where the pleadings in trial without a jury present no issue of fact and no cause of action, it is proper on motion to enter a finding and judgment for defendant without evidence.

11. CONTRACTS, § 289*—*how contract for personal services terminated.* A contract for personal services is terminated by the death of contractor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.