## D. A. Matot, Appellee, v. Frederick R. Barnheisel et al., on appeal of Chin F. Foin, Appellant.

### Gen. No. 25,347.

1. APPEAL AND ERROR, § 433*—*when objection that statement of claim does not state cause of action comes too late when made on appeal.* Where a bond is attached to a statement of claim as an exhibit, which statement of claim expressly makes the annexed copy of the bond a part of the statement, and the defendant treats the statement of claim as setting forth a cause of action by taking issue thereon in his affidavit of merits, there being no objection nor motion to strike, an objection that the statement of claim does not state a cause of action because the annexed instrument was not a part of it, comes too late when made on appeal.

2. APPEAL AND ERROR, § 806*—*when bill of exceptions need not contain evidence of bond attached to statement of claim as exhibit and expressly referred to in claim.* Where a bond was attached to a statement of claim as an exhibit and expressly referred to in the claim as a part of the statement, and the execution of such bond was admitted in the defendant's affidavit of merits, it could not be contended on appeal that there was a failure to establish legal liability for the reason that the bill of exceptions contained no evidence, of the bond, such evidence being unnecessary under the conditions presented, and under the rules of the municipal court as to the admission of facts pleaded when not denied.

3. APPEAL AND ERROR, § 1849*—*relation back of order amending original judgment.* Where an original judgment of the Appellate Court was amended at the same term so as to award an additional amount to a plaintiff in accordance with the original opinion, the decree being affirmed in other respects, the amendatory order was evidently made to correct the former judgment and so as to make it conform with the court's opinion, and such amendatory order related back and became a part of the original judgment.

4. APPEAL AND ERROR, § 1884*—*when admission in action on appeal bond of certified copies of order amending original judgment is not error.* In an action on an appeal bond where it appeared that the judgment in favor of the plaintiff was affirmed, but that such judgment was amended so as to increase the amount due the plaintiff, in accordance with the original opinion, the court did not err in admitting certified copies of the amendatory order, although there were technical objections that on cross errors of the defend-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant in the former proceedings the decree was reversed to the extent that the trial court was directed to increase the decree against the defendant.

5. APPEAL AND ERROR—*when refusal of court, in action on appeal bond, to entertain motion to vacate judgment is not error.* In an action on an appeal bond, the refusal of the court to entertain a motion to vacate a judgment is not error when such judgment is correct, and the court is not required to entertain a motion which it necessarily must have denied.

Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed January 26, 1920.

SILBER, ISAACS, SILBER & WOLEY, for appellant; CLARENCE J. SILBER, of counsel.

EDMUND W. FROEHLICH, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

In a statement of claim filed in the municipal court of Chicago, the plaintiff averred that he recovered a judgment or decree on December 24, 1917, in the superior court of Cook county against Frederick R. Barnheisel, Mrs. Frederick R. Barnheisel and others in the sum of $2,553.57 and costs of suit, which costs amounted to $350; that an appeal was perfected from this judgment or decree to this court by the giving of an appeal bond, a copy of which was annexed to the statement of claim as an exhibit and made a part thereof; that on November 11, 1918, the judgment or decree was, in effect, affirmed by this court.

It is conceded that the judgment or decree was not in all respects technically affirmed in the Appellate Court, but was in fact in part reversed and in part affirmed and the cause remanded to the trial court with directions to increase the amount of the judgment entered in favor of the plaintiff by the sum of $949. This court further awarded costs in favor of plaintiff

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(appellee in the former proceedings) incurred on the appeal.

Upon the trial of the cause plaintiff's evidence consisted exclusively of certified copies of the final order and judgment of this court in the case of *Matot v. Barnheisel*, 212 Ill. App. 489.

In an affidavit of merits filed by defendant Chin F. Foin, who brings the case here by appeal, he admits the execution of the bond but states that he had no knowledge of the judgment in the appeal from which the bond was given; that this judgment had been reversed and that no liability would accrue against the defendant until a new judgment "shall have been rendered and entered by the superior court." A condition of the bond given on the appeal from the superior court judgment is that:

"If the said Frederick R. Barnheisel and Mrs. Frederick R. Barnheisel shall duly prosecute their said appeal with effect, and, moreover, pay the amount of the judgment, costs, interests and damages rendered, and to be rendered, against them in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

The certified copies of the final order and judgment of this court on the appeal from the superior court show that by the judgment of this court the decree of the superior court was reversed in part and the cause was remanded with directions to that court to increase the amount of the decree entered therein by the sum of $949, and the trial court was directed to enter a decree in favor of plaintiff for the increased amount; in other respects the decree of the superior court was affirmed.

It is shown by stipulation that a mandate was never issued out of this court to the superior court of Cook county; that the cause was not redocketed in the superior court, and that no further judgment or decree

was entered therein. The trial judge who tried the present case, without a jury, found the issues in favor of the plaintiff and a judgment was entered in his favor and against defendant for the sum of $3,000. The defendant, being a surety upon the bond given by Frederick R. Barnheisel and his wife, alone prosecutes this appeal to reverse the judgment for the reasons as stated:

" (1)  No cause of action is set forth in the plaintiff's statement and affidavit of claim, the exhibit purporting to constitute a copy of the appeal bond being no part of the pleading; (2) the evidence fails to establish a legal liability for want of (a) the appeal bond, which was not offered on the trial, and the execution of which, as alleged, was alone admitted by appellant; (b) the condition of the bond, if considered as proved, was satisfied by the action of the Appellate Court, and the appellant exonerated from liability; (c) the amended judgment order of this court, entered March 3, 1919, was not properly before the trial court in the suit previously commenced; and (3) the municipal court had no discretion in the matter of allowing appellant to file his application to vacate the judgment previously entered, whatever the court's ultimate action thereon might have been."

It is insisted, first, that the statement of claim does not state a cause of action; that because the bond was attached to the statement of claim as an exhibit it did not thereby become a part of the statement, notwithstanding the fact that the statement of claim on its face expressly made the annexed copy of the bond a part of the statement.

An examination of the abstract of record does not disclose that the defendant who brings this appeal made, at any time before the trial, any objection to the sufficiency of the statement of claim. No motion was made by him to strike the statement or any part of it from the files. On the contrary he filed an affidavit of merits thereto in which he expressly admitted

the execution of the bond, "as stated in plaintiff's statement of claim." It is apparent, then, that the parties, and in particular the defendant, saw fit, so far as the pleadings in the cause are concerned, to treat the bond as a part of the statement of claim. He admitted its execution, and the principal defense made by him in his affidavit of merits is that the judgment of the superior court was reversed and not affirmed, and that inferentially there had been no breach of the condition of the bond which would authorize a recovery against him.

There are cases decided by this and other courts to the effect that instruments attached or annexed to a statement of claim filed in the municipal court do not become thereby a part thereof. *Jones v. City of Chicago,* 167 Ill. App. 175; *Boyles v. Chytraus,* 175 Ill. 370.

In *Epstein v. Fort Dearborn Motor Cartage Co.,* 207 Ill. App. 321, relied upon by defendant, this court said:

"Neither the statement of claim filed by the plaintiff nor the affidavit of merits of the defendant showed or stated as a fact that the notes sued upon were chattel mortgage notes.

\*          \*          \*          \*          \*          \*          \*

"Where a copy of a promissory note is filed with, or a copy of an instrument sued upon is attached to, a declaration, such copies do not become a part of the pleadings. (*McFadden v. Deck,* 193 Ill. App. 178; *McKinstry v. Bras,* 180 Ill. App. 648.)"

The *Epstein* case, *supra,* is essentially different from the one before us. Here the defendant admits the execution of the bond which was expressly made a part of the statement of claim.

The case of *Hesse v. John A. Colby & Sons,* 197 Ill. App. 642, also relied upon by defendant, does not, as we read the opinion in that case, sustain the position of defendant.

In the case of *Plew v. Board,* 274 Ill. 232, it was held that:

"After judgment, the rule by which pleadings before judgment are construed most strongly against the pleader is reversed and the pleading upon which the judgment is based is liberally construed for the purpose of sustaining the judgment. (*Chicago & A. R. Co. v. Clausen*, 173 Ill. 100; *Klawiter v. Jones*, 219 Ill. 626; *Sargent Co. v. Baublis*, 215 Ill. 428; *Diamond Glue Co. v. Wietzychowski*, 227 Ill. 388.) If the statement of claim filed in this cause stated a cause of action, however defectively or imperfectly, and the issue joined was such as necessarily to require proof of the facts defectively stated, it would be sufficient."

On the trial the defendant treated the statement of claim as setting forth a cause of action and he took issue thereon in his affidavit of merits; his objections to the statement of claim were not made in apt time.

It is stated that the evidence introduced upon the trial fails to establish a legal liability against the defendant for the reason that the bill of exceptions contains no evidence of the appeal bond. We do not think that evidence of the bond was necessary. The bond was pleaded and its execution was admitted in defendant's affidavit of merits.

Paragraph K of Rule 15 of the municipal court provides that:

"Every allegation of fact in any pleading, except allegations of unliquidated damages, if not denied specifically or by necessary implication in the pleading of the opposite party, shall be taken to be admitted, except as provided by Rule 20." *Stoddard v. Illinois Improvement & Ballast Co.*, 275 Ill. 199.

On the trial of the cause the defendant introduced certified copies, as stated, of the original judgment of this court entered on the 11th day of November, 1918, and an amendment thereto entered on the 3rd day of March, 1919, both dates being within the October term, 1918, of this court. The order of March 3, 1919, amended the original judgment of this court so that the trial court was directed, in accordance with the

opinion of the court filed November 11, 1918, to award an additional sum in favor of the plaintiff, and that "in all other respects said decree stands affirmed." It is insisted that the later order of this court was not admissible in evidence in that it was entered of record in this court after the present suit had been begun. It is said that the amendment to the original judgment in this court had the effect of fixing appellee's rights as of the day of its entry, namely, March 3, 1919, and that it did not relate back to November 11, 1918, and that hence it was error to admit in evidence certified copies of the order of March 3, 1919. We do not agree with this contention. The amendatory order of this court was evidently made for the purpose of correcting the former judgment entered November 11, 1918, so as to make it conform with the expressed opinion of the court. In our opinion the amendatory order related back to and did become a part of the original judgment of this court.

In *Vail v. Arkell*, 146 Ill. 363, it was held that the amendment of a decree of sale was a mere formal matter and did not change the rights of the parties thereto and would not invalidate a publication of notice of the sale made 4 days after the amendment of the decree.

The full and complete judgment of this court was not expressed in the order of March 3, 1919, but in the judgment of November 11, 1918, as amended by the order. The judgment of this court shows that the appeal from the judgment of the lower court was affirmed in so far as the decree operated against the interests of the appellant. It was shown, however, by certified copies of the judgment of this court and the amendment thereto that the decree was in part reversed, that is, that on cross errors of appellee in the former proceedings in this court the decree was reversed only to the extent that the trial court was directed to in-

crease the amount of the decree rendered against the defendant.

We think that notwithstanding the technical objections made, the trial court did not err in admitting in evidence certified copies of the order of March 3, 1919.

In *Seymour & Sons v. Thomas Harrow Co.,* 81 Ala. 250, the court said:

"Such amendment may be properly made at a subsequent term of court, after an appeal has been taken, the purpose being to make the record speak the truth; and, when properly certified to this court, is before us for consideration and relates back and sustains the judgment."

We are convinced that no error was committed in entering the judgment in favor of the plaintiff for any of the assigned reasons. The condition of the appeal bond was not satisfied. The judgment of November 11, 1918, of this court, was, in our opinion, in substance and in so far as the rights of the defendants are concerned, a judgment of affirmance of the decree which was appealed from. The defendants in that case sought by the appeal to this court to procure a reversal of the judgment against them, and in this there was an utter failure. By the effort of the appellee in the former proceeding it became necessary to reverse the decree in part but solely for the purpose of augmenting its amount.

Our attention has been called to many cases which we think sustain the position of the plaintiff: *Clark v. Selfridge,* 274 Ill. 275; *Best Brewing Co. v. Klassen,* 85 Ill. App. 464; *McConnel v. Swailes,* 3 Ill. 571; *Rehm v. Halverson,* 94 Ill. App. 627. In the latter case the court said:

"The case of *Harding v. Kuessner,* 172 Ill. 125, is one where the condition of the appeal bond was that appellant would 'prosecute its appeal with effect,' and pay the judgment appealed from in case of an affirm-

ance; and the argument of counsel was that the judgment was not affirmed because the Appellate Court affirmed the judgment for a less sum than the judgment of the court below—a remittitur having been required as a condition of affirmance.

&ast;     &ast;     &ast;     &ast;     &ast;     &ast;     &ast;

"It is to be presumed the appellants entered into the bond sued on in the case at bar in view of the power so possessed by the AppellateCourt, and therefore the true construction of the condition of the bond is, the obligors obligated themselves to pay any amount for which a judgment of affirmance should be entered in the Appellate Court."

The evidence in the record before us shows that the judgment against the defendant in the former proceedings was sustained on review by this court and that the defendant is legally bound by the conditions of the bond which he admits he executed.

Under the pleadings and the evidence in this case we do not think that the court erred in refusing to entertain a motion to vacate the judgment which is now before us. As we read the record, no doubt can be entertained as to the correctness of the judgment of the municipal court, and that court was not required to entertain a motion which it necessarily must have denied. On the record and the evidence the judgment against the defendant was the only judgment which the trial court had any authority to enter in the case.

The judgment of the municipal court is affirmed.

*Affirmed.*