NYLINT CORPORATION, Plaintiff-Appellant, *v.* JULIAN INGRAM *et al.*, Defendants-Appellees.

(No. 72-13;

Second District—April 27, 1973.

*Rehearing denied June 5, 1973.*

T. MORAN, J., specially concurring.

Harold L. Tucker, of Miller, Hickey & Close, of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellees.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The question presented in this case is whether a lessee of a portion of a building can recover for damages by storm water to its stored chattels under an implied covenant that lessor will keep outer walls in repair to prevent such damages, where the written lease had an express

provision that "lessor shall not carry insurance of any kind" on lessee's property for damage by water (or by any other method), the "loss being sustained by" lessee.

The trial court concluded that the express provision of the lease absolved the lessor from any liability to the lessee (plaintiff) for damages to its personal property and entered an order sustaining defendant's motion to dismiss the second amended complaint. The record makes it clear that the parties and the trial court intended that the order be considered as a final judgment and no procedural question is raised here. In view of Section 4 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 4) we are so treating it.

The cases cited by plaintiff are inapposite. None of them involved an express provision relieving the lessor from liability from damage by water. Where a lease contains an express provision no contrary covenant may be implied. In *Rubens v. Hill*, 213 Ill. 523, 539, the Illinois Supreme Court said: "Express covenants abrogate the operation of implied covenants in accordance with the rule of interpretation, that the expression of one thing in a contract is the exclusion of another. * * * Where the minds of the parties have met and made an express agreement, the law does not enlarge and qualify this express agreement by implication."

Therefore, the judgment is affirmed.

Judgment affirmed.

GUILD, P. J., concurs.


Mr. JUSTICE THOMAS J. MORAN specially concurring:

Contrary to the opinion of the majority, I believe that plaintiff's only issue before us is one of procedure.

In light of the trial court's finding that the second amended complaint stated a cause of action, plaintiff argues that it was error to allow defendant's motion to dismiss, contending that the dismissal summarily disposed of its case on the merits, a disposition which could not properly be reached by a motion to dismiss.

Plaintiff's position would have merit if the court relied only upon Section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, sec. 45.) The cause of action herein, however, is founded upon a lease attached as an exhibit of the pleadings. Paragraph nine of the lease expressly defeats the allegation set forth in the second amended complaint and subjects the cause of action to dismissal under Section 48 (1) (i) of the Civil Practice Act. Ill. Rev. Stat. 1969, ch. 110, sec. 48(1)(i).

It is on this basis that I join in the affirmance of the judgment appealed.