CHICAGO TITLE & TRUST COMPANY, Trustee, Plaintiff-Appellant, *v.*
THE SOUTHLAND CORPORATION, Defendant-Appellee.

First District (2nd Division)   No. 81—2714

Opinion filed December 14, 1982.

Berger and Herman, Ltd., of Chicago, for appellant.

Roger J. Geurin and Jonathan E. Rothschild, both of Chicago, for appellees.

JUSTICE DOWNING delivered the opinion of the court:

In this declaratory judgment action, plaintiff-lessor sought a judicial determination of whether defendant, a percentage rent tenant, was bound by an implied covenant in a 20-year lease to continue conducting its grocery store business for the remainder of the rental period. The trial court denied the prayer for declaratory relief, entered judgment in favor of defendant and plaintiff now appeals.

A written lease was entered into between Chicago Title & Trust Company, as Trustee under Trust Agreement dated September 19, 1967, and known as Trust No. 51172, as lessor, and Northern Illinois Open Pantry Food Marts, Inc. (Open Pantry), for a period covering July 1, 1968, to June 30, 1988. On June 4, 1971, Open Pantry assigned its rights and obligations under the lease to defendant, The Southland Corporation, who thereafter operated a 7-11 Food Store at the premises until January 20, 1982.

Article 2 of the lease provided for a fixed sum rent which started at $500 per month for the first 24 months, thereafter increased at intervals, ending with a rent of $575 for the last 120 months. Rider No. 2 of the lease required the lessee to pay additional rent equal to the sum of 2% of the lessee's annual gross sales in excess of $345,000. This provision became operative with the fiscal year ending in 1976. For the fiscal year ending on November 30, 1980, defendant paid a base rental of $6,900 ($575 a month) and a percentage rental of $6,165.88.

In January of 1981, plaintiff became aware that defendant had plans to vacate the rented premises and move across the street. Plaintiff filed this lawsuit seeking both a preliminary and a permanent injunction to restrain defendant from opening the new store, attorney fees and a declaratory judgment that the lease constituted a binding agreement that defendant continue to operate its business in the leased premises until the expiration of the lease. Plaintiff withdrew its request for a preliminary injunction, and the trial court denied plaintiff's prayer for attorney fees, injunctive relief and declaratory relief. On appeal, plaintiff only addresses the propriety of the trial court's denial of declaratory relief.

I

A.

Plaintiff contends that the trial court erred in not declaring that an implied covenant to continue operating a grocery store existed in the lease. Plaintiff strenuously argues that the implied covenant must be recognized in order to carry out the intention of the parties. Plain-

tiff points to six paragraphs[1] within the lease which make reference to the use of the premises as a grocery store. At trial, plaintiff attempted to offer the testimony of one of the lessors, a beneficiary of the land trust, in order to establish the objectives of the original parties to the lease. As defendant was not a party to those negotiations, the trial court did not allow this testimony. Plaintiff contends that this refusal to allow the testimony was error.

■■ The language of the lease in question was clear and unambiguous. Therefore there was no need to admit extrinsic evidence of the circumstances existing at the time the lease was executed. (*Kurek v. State Oil Co.* (1981), 98 Ill. App. 3d 6, 8, 424 N.E.2d 56.) Further, the testimony which plaintiff offered at trial concerned negotiations between plaintiff and Open Pantry, the corporation which assigned its interests in the lease to defendant. Evidence at trial indicated that defendant only acquired interest in Open Pantry's operation in 1970, so that defendant had no relationship with the parties originally negotiating in 1967. The trial court correctly disallowed the proffered testimony.

### B.

In support of its position that an implied covenant to continue operation of defendant's grocery store existed in the lease, plaintiff cites several cases which, upon examination, are inapposite. Two provisions contained in the instant lease are important in its interpretation. Article 18, captioned "Assignment and Subletting," provides:

> "Lessee may, without the consent of Lessor, assign or encumber this lease or its rights hereunder. *** Lessee shall have the right to sublet the leased premises at any time and from to time during the term of this lease."

Article 26, captioned "Use," provides:

> "Lessee is hereby given the privilege of using the leased premises as a grocery store for the sale of food, packaged beverages (alcoholic and non-alcoholic) and hard and soft goods or for any other lawful purpose. Lessor hereby covenants that during the term of this lease or any extension or extensions hereof, it will not lease any other portion of the building of which the leased premises are a part or any other property in which Lessor now

---

[1]The paragraphs plaintiff refers to are found in the following articles of the lease: Zoning and Building Laws (article 3) and its Rider (Rider 2, par. 1), Ownership of Plans and Specifications (article 5), Commencement of Rent and Term (article 8), Use (article 26), and the percentage rental clause contained in Rider No. 2, par. 14.

or hereafter has an interest within a radius of one-quarter (¼) of a mile for use as a grocery store of any type, or as a location therefor. ***"

Plaintiff's reliance on the following cases is misplaced: *Simhawk Corp. v. Egler* (1964), 52 Ill. App. 2d 449, 202 N.E.2d 49, *appeal denied* (1965), 31 Ill. 2d 630, involved a lease which contained an express use restriction in which the tenant agreed to use the premises "only for the purpose of a shoe store" (52 Ill. App. 2d 449, 450); both *Stoddard v. Illinois Improvement & Ballast Co.* (1916), 275 Ill. 199, 113 N.E. 913, and *Fox v. Fox Valley Trotting Club* (1956), 8 Ill. 2d 571, 134 N.E.2d 806, contain similar express use restrictions and do not include the language in the instant use clause allowing for "any other lawful purpose" to be made of the premises. In *Slidell Investment Co. v. City Products Corp.* (La. App. 1967), 202 So. 2d 323, a case heavily relied upon by plaintiff, the lease contained an express use provision which did not state that the premises could be used for "any other lawful purpose."

■■■ Plaintiff argues that the phrase "any other lawful purpose" refers back to the types of goods that may be sold in the store, whereas defendant claims that the phrase allows for any other lawful use of the premises in addition to use as a grocery store. Rules of contract construction are applicable to the construction of written leases in Illinois. (*Walgreen Co. v. American National Bank & Trust Co.* (1972), 4 Ill. App. 3d 549, 554, 281 N.E.2d 462.) When determining the intentions of the parties to a lease, words used in the lease should be given their common and generally accepted meaning. (*Kurek v. State Oil Co.* (1981), 98 Ill. App. 3d 6, 8, 424 N.E.2d 56.) We believe the language in article 26, "any other lawful purpose," permits the lessee to use the premises for uses other than a grocery store so long as that use is lawful. The trial court correctly interpreted the use provision of the lease.

■■ Plaintiff also argues that the fact that article 18 allows the lessee to sublet or assign its rights in the lease without the consent of the lessor does not in any way invalidate its theory of an implied covenant to continue business. Defendant, on the other hand, argues that when an express covenant exists, no contrary covenant may be implied. (*Nylint Corp. v. Ingram* (1973), 11 Ill. App. 3d 122, 123, 296 N.E.2d 392.) An express right to assign rights in a lease is not consistent with an implied obligation to remain and do business. (M. Friedman, Leases sec. 6.903, at 144 (1974).) Defendant cites cases from other jurisdictions which uphold the theory that a tenant's right to assign its interest in a lease bars a finding of an implied covenant

to continue operating. (*Kroger Co. v. Bonny Corp.* (1975), 134 Ga. App. 834, 216 S.E.2d 341; *Williams v. Safeway Stores, Inc.* (1967), 198 Kan. 331, 424 P.2d 541; *Rapids Associates v. Shopko Stores, Inc.* (Wis. App. 1980), 96 Wis. 2d 516, 292 N.W.2d 668; see also Annot., 38 A.L.R.2d 1113, 1117 (1954).) The parties have not cited Illinois cases involving this particular issue, and our research to date has not revealed such authority.

The clear and unambiguous provision in the lease contains descriptive words permissive in nature and does not contain any clauses restricting the rights of the tenant, except as to "lawful use." If the parties had intended otherwise, they could have inserted simple words of limitation, which they did not.

■ We therefore affirm the trial court's decision that no implied covenant to continue business existed in the lease and plaintiff's request for declaratory relief was properly denied.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.