Louis Klein and Melvina Klein, d/b/a Apex Associates, Plaintiff-Appellee, v. Morton Ickovitz, Defendant-Appellant.

**Gen. No. 50,885.**

First District, Third Division.

June 16, 1966.

Nathan Shefner, of Chicago, for appellant.

Jacobs, Ribstein & Lieberman, of Chicago (Eugene Lieberman, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Defendant appeals from a judgment confessed in the name of Louis Klein, d. b. a. Apex Associates, for rent due in the sum of $1,280 and attorney's fees of $200. The trial court had vacated a prior judgment confessed in the sum of $191.50 and allowed an amended complaint to be filed to take into account the rent for subsequent months. The rent owing had accrued, pursuant to the terms of the lease, after the defendant-lessee had been evicted in a forcible detainer action for breach of the lease.

Defendant first contends that his obligation to pay rent was suspended by his eviction, and that the acceptance of rent payments subsequent to breach of the conditions of the lease operated as a waiver of the lessor's right of forfeiture. These propositions aptly state the general rule where the lease does not otherwise provide. In the instant case, however, the lease contains clauses to the effect that the lessee's duty to pay rent survives his eviction in a forcible detainer pro-

ceeding, and that acceptance of rent after breach does not constitute a waiver of the lessor's right to proceed under the terms of the lease. The validity of these clauses has long been established, Grommes v. St. Paul Trust Co., 147 Ill 634, 35 NE 820; Vintaloro v. Pappas, 310 Ill 115, 141 NE 377, and is now stare decisis.

Defendant's final contention is that Louis Klein, in whose name the judgment for rent was confessed, had no "suable" interest in the leased premises. In the lease in question Apex Associates was named as lessor and Morton Ickovitz as lessee. It was signed as follows:

"For Apex Associates:   Melvina Klein
In the presence of:
   Louis Klein
                    Morton Ickovitz."

This contention was the basis of a motion to vacate the judgment in question in the trial court, and in his answer thereto Louis Klein claimed that he had an interest in the management and profits of the real estate, that the lease was signed by him, and that all rents were paid by defendant to him. He denied that his signature on the lease was that of a witness and said that he signed the lease as a party owning an interest in Apex.

Examination of the lease, however, shows that Louis Klein did not sign on behalf of Apex, but signed apart from the Apex signature and in a place designated for the signature of witnesses.

The judgment as it now stands is in favor of Louis Klein and Melvina Klein, d. b. a. Apex Associates. The original judgment was in favor of Louis Klein alone, but after judgment the trial court allowed plaintiff's motion to amend the pleadings and judgment so as to include Melvina Klein as party plaintiff. Defendant contends that the trial court was without jurisdiction to order that the pleadings and judgment be amended by the

addition of another party. He cites section 46(3) of the Civil Practice Act which in effect limits the right to amend the pleadings after judgment to instances where the amendment is made to conform the pleadings to the proof.

Plaintiff does not argue that he comes within the provisions of section 46. Rather he contends that *no new party* was added, that the addition of Melvina Klein was merely the correction of a misnomer, as permitted after judgment by section 21(3) of the Civil Practice Act, and that the proper party plaintiff is and always has been Apex Associates.

■ We cannot agree that the true party in interest is Apex Associates or that the addition of Melvina Klein as a party plaintiff was the mere correction of a misnomer. True, Apex Associates was named as the lessor, but there is no indication of the character of Apex—whether it was a corporation, a trust, or a partnership. Judgment was originally entered in the name of Louis Klein, d. b. a. Apex Associates. On this state of the record we can only conclude that Louis Klein was the plaintiff. Defendant moved to vacate the judgment on the ground that Louis Klein had no interest in the leased premises. *At that time* Louis Klein requested and was permitted to add Melvina Klein's name to the pleadings and judgment order, presumably so that the judgment would read in favor of one who had signed the lease. The addition of Melvina Klein was the equivalent of adding a new party plaintiff after judgment.

Since we have concluded that the judgment in favor of Louis Klein cannot be sustained and that the addition of Melvina Klein as party plaintiff after judgment was improper, the judgment must be reversed.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.