**Malvina Klein, d/b/a Apex Associates, Plaintiff-Appellee, v. Morton Ickovitz, Defendant-Appellant.**

Gen. No. 54,103.

First District, Fourth Division.

February 25, 1970.

Nathan Shefner, of Chicago, for appellant.

Irving B. Ribstein, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from a judgment of $1,280 for rent.

A stipulation of facts shows that in an earlier forcible detainer action, judgment for possession was entered for plaintiff in a cause entitled, "Louis Klein and Malvina Klein, d/b/a Apex Associates vs. Morton Ickovitz," and defendant was evicted. There was no appeal from that judgment and its validity is not questioned in the instant case.

The subject matter of this cause (eight months' rent to the end of the lease term, some of it accruing after eviction) was previously litigated, resulting in a judgment against defendant which was reversed on appeal. Klein v. Ickovitz, 72 Ill App2d 59, 219 NE2d 73. That suit had been brought by Louis Klein, d.b.a. Apex Associates, and, after judgment, all pleadings and papers were amended to add Malvina Klein as a party plaintiff. In explaining its reversal, another division of this court made the following observations at page 62:

> Judgment was originally entered in the name of Louis Klein, d.b.a. Apex Associates. On this state of the record we can only conclude that Louis Klein was the plaintiff. Defendant moved to vacate the judgment on the ground that Louis Klein had no interest in the leased premises. *At that time* Louis Klein requested and was permitted to add Melvina Klein's name to the pleadings and judgment order, presumably so that the judgment would read in favor of one who had signed the lease. The addition of Melvina Klein was the equivalent of adding a new party plaintiff after judgment.
>
> Since we have concluded that the judgment in favor of Louis Klein cannot be sustained and that

193

the addition of Melvina Klein as party plaintiff after judgment was improper, the judgment must be reversed.

██ Defendant's primary contention now is that the earlier decision, just quoted, is res adjudicata of the issues raised in the instant case and should bar plaintiff's claim. Defendant correctly argues that "a prior adjudication between the same parties is conclusive upon them . . . ." (Menconi v. Davison, 80 Ill App2d 1, 6, 225 NE2d 139), but this doctrine is inapplicable here. It is true that the prior action involved a claim for rent under the same lease, but the parties were not the same. The essence of this court's earlier decision was that the addition of Malvina Klein as party plaintiff after judgment was improper. Thus, for purposes of this cause, Malvina Klein is a party to the claim for the first time. We, therefore, do not have the identity of parties between the two actions which is necessary to invoke the principle of res adjudicata.

█ Defendant next contends that this suit brought by Malvina Klein alone, should be barred by the "admission" contained in pleadings in the earlier suit in which it was alleged that she and Louis Klein together did business as Apex Associates. Defendant concedes that he obligated himself under the lease to Apex Associates, but having convinced the court in the other litigation that Louis Klein had no interest as lessor, defendant would now have us hold that Louis is a necessary party to the present suit. To state this proposition is to disclose its lack of merit.

█ Defendant next contends that plaintiff had no authority to enter into the lease agreement, since title to the premises was held under a land trust by the trustee, Cosmopolitan National Bank of Chicago. The lease between Apex Associates and defendant, which is the basis of this suit, was executed as follows:

For Apex Associates: Malvina Klein
In the presence of:
Louis Klein
Tenant sign here: Morton Ickovitz

It is stipulated that Malvina Klein is the sole beneficiary of the land trust and that the trust agreement contains a provision that she

> shall in . . . her . . . own right have the full management of said real estate and control of the selling, renting and handling thereof . . . .

We find this language clearly effective to give Malvina Klein the requisite authority to enter into the lease in question as she did.

■ ■ Finally, defendant challenges plaintiff's authority to bring this action, arguing that the holder of the title is the proper plaintiff. This court, however, has upheld the right of a land trust beneficiary-lessor to maintain an action for rent. Bellows v. Ziv, 38 Ill App2d 342, 187 NE2d 265. See also Jakovljevich v. Alvarez, 113 Ill App2d 302, 252 NE2d 60. We see no reason why this principle should not be applicable to rent accruing subsequent to eviction, since the lease agreement expressly states that the lessee's duty to pay rent survives a forcible detainer proceeding, and the validity of such a provision is well established. See Grommes v. St. Paul Trust Co., 147 Ill 634, 35 NE 820; Vintaloro v. Pappas, 310 Ill 115, 141 NE 377; Klein v. Ickovitz, 72 Ill App2d 59, 219 NE2d 73. The obligation to pay rent is not dependent upon title in the lessor, but is governed by the lease agreement.

The judgment of the Circuit Court is affirmed.

Affirmed.

STAMOS, P. J. and DRUCKER, J., concur.