**People of the State of Illinois, Plaintiff-Appellee, v. Benjamin Wheeler, Defendant-Appellant.**

**Gen. No. 53,691.**

First District, Second Division.

March 10, 1970.

McCORMICK, P. J., dissenting.

Robert H. Aronson, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, and Joseph Romano, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

The trial of Benjamin Wheeler and John McCaskill on a charge of aggravated battery resulted in a verdict of acquittal of McCaskill and conviction of Wheeler. Wheeler appeals from the judgment sentencing him to serve a term in the penitentiary of seven to ten years.

On April 2, 1968, at about 10:00 p. m., Emmett Boyd, an off-duty police officer, was in the vicinity of 58th Street and Calumet Avenue in Chicago. While walking north on Calumet Avenue he saw a man looking out from a gangway. He testified that the man is now

known to him as Sylvester Wheeler. When he identified himself to Wheeler as a police officer, Wheeler turned and ran into the gangway. Officer Boyd approached the gangway and at approximately ten feet from the entrance he noticed another man standing just inside. He testified that this second man was the defendant, Benjamin Wheeler. Officer Boyd was able to see that the defendant was wearing a long dark coat, tight dark trousers, and that he was about 6′ 3″ tall. He stated that Sylvester Wheeler was wearing black trousers and a gray sweater, and that he was about 6′ 1″ tall. As Officer Boyd approached the gangway the defendant backed into it about six feet, and although his figure was not distinct, the witness stated that he never lost sight of him, that his coat and right leg remained visible. He saw no weapon in the defendant's hand. A shot from the gangway struck Officer Boyd in the right side of his head, which caused the loss of sight in his right eye after fifty pellets were removed.

On cross-examination Officer Boyd explained that another police officer had told him there was a shooting somewhere between 58th and 59th on Calumet Avenue. He then saw Sylvester Wheeler standing in the gangway, and the events as related occurred. Between 10:15 and 10:30 p. m. that same evening, about half a block from the scene of the shooting of Officer Boyd, other police officers saw two men "duck" into a basement. One of them escaped, but John McCaskill was apprehended, and in his possession was a shotgun with one spent round in the chamber. He was wearing a coat that was too large for him which, after receiving his Miranda warnings, he said he had obtained from a friend.

At a hearing on a pretrial motion to suppress the statement made by McCaskill, Officer Kodatt testified that on the evening in question, at about 11:00 p. m., in the lobby of the emergency room at Billings Hospital,

McCaskill told him he had obtained the shotgun from "Bull" whose full name was Benjamin Wheeler, and that Wheeler lived at 5735 South Calumet Avenue. Officer Gallagher testified that when he was questioning McCaskill at the police station another officer entered the room and asked Gallagher where he got the shotgun. When Officer Gallagher said he had found it on McCaskill, the latter said, "It doesn't belong to me, it belongs to Bull, he told me to pick it up and make it." Officer Molsby testified that when McCaskill was being arrested he fell, and that as he was falling the shotgun dropped from under his coat. Officer Molsby was present at the time McCaskill told Officer Kodatt the gun was Bull's.

The trial court denied the motion to suppress the statement. At the trial the testimony was substantially the same as at the hearing on the motion.

Defendant maintains that the court committed reversible error in not ordering a severance for the trial of Benjamin Wheeler. About a month before the trial the State informed the court and the attorney for the defendant that McCaskill had made a statement which incriminated the defendant. McCaskill was represented by the Public Defender and Wheeler by a lawyer chosen by him. Notwithstanding the incriminating statement, the attorney for the defendant did not request a severance. The position of the defendant is that it was the duty of the trial judge, sua sponte, to have ordered a severance. In People v. Scott, 100 Ill App2d 473, 241 NE2d 579, the court held that a limiting instruction was not sufficient to prevent the prejudice which would result from the admission of the statement. See Bruton v. United States, 391 US 123. We cannot perceive how the defendant could benefit by the decision of his attorney not to move for a severance.

The admissions of McCaskill presented by the testimony of the police officers, were harmful to the defend-

ant. An analysis of the record convinces us that Benjamin Wheeler was seriously prejudiced by the failure to order a severance.

Therefore, the judgment is reversed and the cause remanded with directions for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions.

LYONS, J., concurs.

McCORMICK, P. J., dissents.

I must respectfully dissent from the majority opinion, although I agree with the view that the errors committed in the trial of the case must result in a reversal.

Without the admissions of McCaskill, Benjamin Wheeler should have been acquitted. At no time during the course of the trial did Officer Boyd testify that it was Benjamin Wheeler who shot him. He did say that both Sylvester and Benjamin were in the gangway and that a shot came from there. He testified that he never saw the weapon which was used against him.

From the record we have no way of knowing whether it was Benjamin or Sylvester Wheeler who fired the shot. When we consider Officer Boyd's testimony that the gangway was unlit, and that as Benjamin backed into it his figure became almost invisible, it is possibe that Sylvester may have been just behind Benjamin and could have been the one holding and using the weapon. Outside of the admission of McCaskill's statement the State has failed to prove beyond a reasonable doubt that it was Benjamin Wheeler who fired the shot.

In People v. Scott, 100 Ill App2d 473, 241 NE2d 579, the court reversed and remanded the case because of reversible errors committed during the trial. However,

in that case there was testimony outside the admissions which could have been sufficient to convict Scott. In the record in the case before us there is no showing that if it were retried there would be any evidence in the case indicating that the shot was fired by Benjamin Wheeler, or that there could be any verdict except not guilty. Under those circumstances I believe the judgment should be reversed and not remanded.