SOUTHEAST VILLAGE ASSOCIATES, Plaintiff-Appellant, *v.*
HEALTH MANAGEMENT ASSOCIATES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 79-2003

Opinion filed January 22, 1981.

Harmon Gallant and Monte Viner, both of Chicago, for appellant.

Keith J. Kulie and Frank R. Wiemerslage, both of Schiller Park, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Southeast Village Associates, through an authorized agent, entered into an agreement to lease office space for a term of two years to defendant, Health Management Associates, Inc. In the lease, plaintiff was named as principal-lessor and defendant as lessee. However, at the time of entering into the lease and until the present, plaintiff has not held legal or equitable title to the property, but instead has held a personal property interest as the sole beneficiary of a land trust. Legal and equitable title is held by Exchange National Bank of Chicago, as trustee. Exchange National is not a party to the lease and, at the time the lease was entered into, defendant did not have actual knowledge that plaintiff was not the title holder of the property.

After four months of possession, defendant abandoned the premises.

Subsequently, having failed in its efforts to relet the premises, plaintiff brought this action in the circuit court of Cook County against defendant for rent due following the abandonment of the premises. Defendant answered, setting up various defenses alleging breach of the lease by plaintiff. Defendant also counterclaimed for damages based on plaintiff's alleged breach of the lease. Thereafter, defendant learned that plaintiff did not hold legal and equitable title to the property but was instead the sole beneficiary under a land trust. Based on this information, defendant moved for summary judgment on plaintiff's claim alleging that the lease was unenforceable by plaintiff because it had no title to the property and because the land trustee was a necessary party to the lease, and further that plaintiff was not authorized to act on behalf of the land trustee to enter into the lease as an agent for an undisclosed principal (the trustee).

In answer to the motion for summary judgment, plaintiff contended it was authorized under its trust agreement with the trustee to lease the property in its own behalf. However, plaintiff failed to produce the trust agreement at trial level and, consequently, failed to conclusively show that the trust agreement contained such authorization. Plaintiff also contended that because of the very nature of a land trust, it could, as sole beneficiary, lease the trust property in its own name as principal.

Summary judgment was granted for defendant and plaintiff brought this appeal. For the reasons that follow, we reverse and remand.

OPINION

This appellate court has specifically held that the beneficiary of a land trust can enter into short-term leases of the trust property, such as the present lease, in the beneficiary's own name when the provisions of the trust agreement so authorize. (*Klein v. Ickovitz* (1970), 121 Ill. App. 2d 191, 257 N.E.2d 187; see *Harden v. Desideri* (1974), 20 Ill. App. 3d 590, 315 N.E.2d 235; see generally Kenoe on Land trusts §5.17 (Ill. Inst. Cont'g Legal Educ. 1978).) The facts of *Klein v. Ickovitz* are very similar to those in the present case. The sole beneficiary of a land trust, in her own name, entered into a lease with defendant. Defendant was evicted, and the beneficiary brought an action for rent due on the remainder of the lease term. Defendant claimed the beneficiary had no authority to enter into and enforce a lease and alleged that only the land trustee could have such authority. The court held the beneficiary had such authority based on language in the trust agreement which said the beneficiary "shall in * * * her * * * own right have the full management of said real estate and control of the selling, renting and handling thereof * * *." 121 Ill. App. 2d 191, 195, 257 N.E.2d 187, 189.

■■■ The only real difference between *Klein v. Ickovitz* and the present case is that in *Klein* a trust agreement was before the court while none has

yet been produced in this case. However, the language in the trust agreement in *Klein*, or language similar to it, is found in all land trust agreements. (See Kenoe on Land Trusts §5.17 (Ill. Inst. Cont'g Legal Educ. 1978).) The very nature of a land trust dictates that the beneficiary will have the rights of possession, management, control and operation of the property, as well as the right to rents, issues, profits, and proceeds of sale or mortgage financing. (See Ill. Rev. Stat. 1979, ch. 29, par. 8.31; *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659; Kenoe on Land Trusts §1.4 (Ill. Inst. Cont'g Legal Educ. 1978).) To deny that the present trust agreement includes language similar to that found in the trust agreement in *Klein* would be to deny that the unique kind of trust called a "land trust" exists in this case.

■■ The present case is before us on an appeal from an order granting summary judgment for defendant. The right to summary judgment must be clear and free from doubt. (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 395 N.E.2d 964.) Summary judgment should be granted only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57.) To determine whether a genuine issue of material fact exists, a court must consider the evidence presented in a light most favorable to the non-moving party and accept as true all reasonable inferences favoring that party. (See *Joiner v. Benton Community Bank* (1979), 76 Ill. App. 3d 871, 395 N.E.2d 691; *Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 293.) Since defendant admits that plaintiff is the sole beneficiary of a land trust, a reasonable inference arises that the trust agreement contains language similar to the language found in the trust agreement in *Klein*, and accordingly that plaintiff had the power to enter into a lease such as the present one in its own name as principal. Therefore, unless plaintiff was required to give actual notice to defendant of its status as a beneficiary of a land trust before entering into the lease, summary judgment for defendant was improperly entered in this case.

We believe that actual notice to defendant of the plaintiff's status as a beneficiary of a land trust was unnecessary before plaintiff could enter into a valid and enforceable lease. Cases which have held that such notice is required have concerned a beneficiary's attempt to sell the trust property in his own name. (See *e.g., Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 260 N.E.2d 431.) When purchasing real property, the buyer is primarily concerned with who holds title, and, in particular, with who holds that evidence of title called "record title." When leasing property for a short term, the lessee is not particularly concerned with title or record title. The lessee's primary concern is with the exclusive right of possession. The sole beneficiary of a land trust has the exclusive right of possession of the property and can assure the lessee that he will enjoy that

right. As long as we prevent the beneficiary from escaping his duties under a lease merely because he has no title, we cannot see how the lessee can suffer any harm from the lack of knowledge of the beneficiary's status. Also, though the issue was not discussed in *Klein v. Ickovitz*, it is apparent that the lessee in that case had no actual knowledge of the lessor's status as a sole beneficiary of a land trust before the lease was entered into.

Accordingly, we hold that the entry of summary judgment was improper in this case, and we reverse the judgment entered by the trial court and remand for further proceedings.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.