JOSEPHINE KUREK *et al.*, Plaintiffs-Appellees, *v.* STATE OIL COMPANY, Defendant-Appellant.

First District (1st Division)  No. 80-1297

Opinion filed July 6, 1981.

Churchill, Baumgartner & Phillips, Ltd., of Grayslake, for appellant.

Block, Levy & Becker, Chartered, of Chicago (Alvin R. Becker and George A. Behling, Jr., of counsel), for appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, beneficiaries of Chicago Title and Trust Company Trust No. 61334, brought a forcible detainer action against defendant-lessee, State Oil Company. During the bench trial, leave was granted to add Chicago Title and Trust Company, as trustee under trust agreement dated January 5, 1973. The court found that defendant had not properly exercised its option to extend the lease and judgment was entered for possession in favor of plaintiffs. Defendant appeals.

On April 1, 1977, a commercial lease was executed by the Chicago Title and Trust Company, as trustee under Trust No. 61334, as lessor, and by defendant as lessee. The lease provided that the lessee would have the option to extend the lease for two additional five-year terms. To be effective these options had to be exercised with notice to the lessor 60 days prior to the expiration of each term.

At all pertinent times, legal title to the property was vested in the trustee. The trust is evidenced by an agreement executed by the trustee and the beneficiaries, Thaddeus Kurek, Estelle Kurek, Joan Kosinski, Walter Kurek and Wanda Kurek. Walter Kurek died on October 5, 1979, all of his beneficial interest in the trust passing to his wife, Josephine. The power of direction is jointly vested in Estelle Kurek and Joan Kosinski. All written inquiries, bills and other matters received by the trustee were to be sent to Walter Kurek.

The trust agreement provides that the beneficiaries "shall have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the property. * * * The beneficiaries are not the agents of the trustee for any purpose and do not have any authority to contract or to execute leases or do any other act for or in the name of the trustee or to obligate the trustee personally or as trustee." As these agreements generally do, it provides that the interest of every beneficiary consists only of the power (1) to direct the trustee to deal with the title to the property; (2) to manage, possess and control the property; and (3) to receive the earnings derived from the property. The agreement also provides that "no beneficiary at any time shall have the right, title or interest in or to any portion of the legal or equitable title to the property."

During the period from April 1, 1977, through February 1980, defendant directed all rent payments to the beneficiaries in care of Walter Kurek. On March 21, 1978, Walter Kurek informed defendant, through a letter to William Anest, defendant's president, that no improvements to the property would be paid for by the beneficiaries. Anest replied the following day with a letter to the trustee concerning this matter of improvements. The trustee forwarded this letter to Walter Kurek pursuant to its duty under the trust agreement. No further action related to this matter was taken by the trustee.

On January 12, 1979, defendant notified Walter Kurek by letter that it had made the necessary improvements to the property. The letter also stated defendant's desire to exercise the option to extend the lease for the first five-year term. The letter concluded with a request for a meeting regarding a possible extension of the existing lease which had been originally proposed by Walter Kurek. There is no response by Walter Kurek in the record.

On March 3, 1980, five months after Walter Kurek's death, the

existing beneficiaries filed this forcible detainer action against defendant. Following the bench trial, judgment for possession was entered in favor of plaintiffs.

The single issue posited by defendant is whether the lease required notice of intent to exercise the lease extension option to be sent to the trustee, or would any notice which reasonably informs the beneficiaries of the trust, as the real parties in interest, be acceptable.

Defendant contends that its letter of January 12, 1979, to Walter Kurek is sufficient notice to exercise the option to extend the lease. This argument is based on the conclusions that the beneficiaries are the true owners of the land trust (*People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540), and they are the real parties in interest (*Klein v. Ickovitz* (1970), 121 Ill. App. 2d 191, 257 N.E.2d 187). Defendant also urges that the notice provision in the lease can be interpreted to mean notice to the trustee or notice to the real parties in interest.

In support of this last contention, defendant correctly states that rules of contract construction are applicable to the construction of written leases and that the principal function of such construction by a court is to give effect to the intention of the parties as expressed in the language of the lease. (*Hoffman v. Clark Street Roadhouse, Ltd.* (1979), 79 Ill. App. 3d 41, 398 N.E.2d 238.) Defendant then, citing *South Parkway Building Corp. v. South Center Department Store, Inc.* (1958), 19 Ill. App. 2d 14, 153 N.E.2d 291, concludes that the surrounding circumstances and intention of the parties existing at the time of execution of the lease allows this court to interpret the notice clause as only requiring any notice which would be effective to reasonably inform the real parties in interest.

We cannot agree with defendant's conclusions. It is true that the construction of a lease is governed by the intention of the parties thereto; however, the court should ascertain and give effect to such intention as far as that may be done without contravening legal principles. (*American National Bank & Trust Co. v. Olympic Savings & Loan Association* (1978), 60 Ill. App. 3d 722, 377 N.E.2d 255; *Dasenbrock v. Interstate Restaurant Corp.* (1972), 7 Ill. App. 3d 295, 287 N.E.2d 151.) When determining the intention of the parties to a lease, the words used should be given their common and generally accepted meaning. (*American National Bank & Trust Co.*) Where the language of the lease is clear and definite, there is no need for judicial interpretation. *O'Fallon Development Co. v. Reinbold* (1966), 69 Ill. App. 2d 169, 216 N.E.2d 9; *Hoffman*. ■■ In this case, the language of the lease is clear and unambiguous and there is no need to examine the surrounding circumstances which existed at the time the lease was executed. (*American National Bank & Trust Co.*; *South Parkway Building Corp.*) The option clause clearly expresses the intention of the parties that notice be given to the lessor 60 days prior to

the expiration of the lease term. The lease is executed by the trustee as lessor and by defendant as lessee. It is without question that the trustee of a land trust holds the legal and equitable title of the trust property, while the beneficiaries may control its management. (*Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 260 N.E.2d 431.) There is no need for judicial interpretation.

Defendant's reliance on *People v. Chicago Title & Trust Co.* is misplaced. In that case, the State sought to impose personal liability for unpaid real estate taxes on the "owners" of land held in land trusts. The court examined the principles of taxation and its relationship to the parties involved in a land trust. It was determined that management, control and benefits derived from the property were the most important factors for the purpose of assessing tax liability under section 27a of the Revenue Act (Ill. Rev. Stat. 1979, ch. 120, par. 508a). Thus, the court found that a land trust beneficiary is an owner for tax purposes. (75 Ill. 2d 479, 493.) In arriving at this finding, the court also noted that third parties may rely upon a trustee's title in transactions where title to the real estate is of primary importance. *People v. Chicago Title & Trust Co.*, at 488; see *Keessen v. Zarattini* (1969), 119 Ill. App. 2d 284, 293, 256 N.E.2d 377.

■■ While we recognize that a question of title is not the proper subject matter of litigation in a forcible entry and detainer action, we note that evidence of title is admissible when clarifying a party's right to immediate possession of the property. (*Kitzer v. Rice* (1967), 90 Ill. App. 2d 72, 234 N.E.2d 115.) In this case, defendant cannot now ignore the fact that title to the leased premises is vested with the trustee and that the trustee is the lessor of the premises. Indeed, it appears from the record that defendant communicated with the trustee as lessor concerning certain improvements needed to the property.

Defendant's reliance on *Klein v. Ickovitz* also is misplaced. In that case, a land-trust beneficiary-lessor was allowed to maintain an action for past due rent because she was the sole beneficiary and she retained power in the trust agreement to have full management and control of the trust property. In reaching that decision, this court noted that the obligation to pay rent is governed by the lease and is not dependent upon title in the lessor. (*Klein*, at 195.) Thus, where the beneficiary was named in the lease as the lessor, she would be able to maintain an action for rent.

Since *Klein*, we have stated that a beneficiary of a conventional land trust may enter a valid contract to convey title to or lease trust property when the trust agreement vests in him the sole right to direct the trustee to convey title. See *Seaberg v. American National Bank & Trust Co.* (1976), 35 Ill. App. 3d 1065, 342 N.E.2d 751; *Madigan*; *Feinberg v. Great Atlantic & Pacific Tea Co.* (1970), 131 Ill. App. 2d 1087, 266 N.E.2d 401, *appeal denied* (1971), 45 Ill. 2d 591; *Page v. Fosco* (1980), 90 Ill. App. 3d 1113, 414

N.E.2d 89; *Southeast Village Associates v. Health Management Associates, Inc.* (1981), 92 Ill. App. 3d 810, 416 N.E.2d 325.

Walter Kurek's actions on behalf of the beneficiaries in this case do not fall within the purview of the above cited cases. He was only one of five beneficiaries of Chicago Title and Trust Company Trust No. 61334. Moreover, Walter Kurek did not have the power of direction over the Trustee as required by the case law.

The judgment appealed from is affirmed.

Judgment affirmed.

CAMPBELL, P. J., and McGLOON, J., concur.