PEPPER POT II, INC., Plaintiff-Appellee, v. IMPERIAL REALTY COMPANY *et al.*, Defendants-Appellants (The First National Bank of Highland Park, Trustee, Counterplaintiff-Appellant, v. Pepper Pot II, Inc., Counterdefendant-Appellee).

First District (2nd Division)   No. 84—1127

Opinion filed May 21, 1985.—Rehearing denied July 2, 1985.

Arvey, Hodes, Costello & Burman, of Chicago (Donald F. Spak and A. Marcy Newman, of counsel), for appellants.

Bellows & Bellows, of Chicago (Nicholas P. Iavarone and Anne Edelman Larsen, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

In February 1974, a three-year lease expiring September 30, 1977, was entered into between American National Bank & Trust Company of Chicago, as trustee under trust No. 16324, as lessor, and Normandie Inn Corporation, as lessee, for the premises located at 105 North Dearborn Street in Chicago. Paragraph 23 of that lease gave the lessee two

options to renew: for a 6½-year period (October 1977 through March 1984) and, if this first option was exercised, for a 10-year period thereafter (April 1984 through March 1994).

In December 1974, lessee Normandie Inn Corporation assigned the lease to the plaintiff/counterdefendant herein, The Pepper Pot II, Inc. (Pepper Pot).

In March 1977, Pepper Pot notified the lessor, trustee American National Bank, that it intended to exercise the renewal option through March 1984.

At some time thereafter, American National Bank assigned the lease to the First National Bank of Highland Park as trustee under trust No. 2255 (Highland Park Trustee). (While Highland Park Trustee asserts that Pepper Pot "knew" of this assignment, the record is inconclusive on this point).

Pursuant to the lease, if Pepper Pot intended to exercise its right to renew for the 10-year period commencing March 1984, Pepper Pot was required to give "written notice to the lessor" on or before September 30, 1983.

On September 30, 1983, Pepper Pot's attorney mailed a letter on his client's behalf addressed to "Mr. Lawrence Clairmont" and "Mr. Allen Clairmont" at "Imperial Realty Company" advising of Pepper Pot's intention to exercise its option to renew the lease for the additional 10 years. The letter was mailed on September 30, postmarked on October 3 and received at Imperial Realty Company on October 4, 1983. On November 9, 1983, Larry Klairmont sent a letter to Pepper Pot in which he advised that Pepper Pot's letter purporting to renew the lease was "not made within the time required" under the lease and that Pepper Pot's lease would therefore terminate on March 31, 1984.

Pepper Pot thereafter filed an action for declaratory relief against "Imperial Realty Company, Lawrence Klairmont and Allen Klairmont," requesting the circuit court to adjudicate the parties' rights under the lease, and to declare that Pepper Pot had timely exercised its right of renewal through March 1984. (Plaintiff also requested certain monetary damages not here relevant.)

Defendants filed a motion to dismiss, alleging that plaintiff failed to "name any lessor under the lease" and that Alfred Klairmont, Larry Klairmont and Imperial Realty are not beneficiaries under the "American National Bank" land trust.

The trial court denied defendants' motion to dismiss and instead allowed Pepper Pot to amend its complaint, correcting the names of the individual defendants. Defendants' answer to the complaint affirmatively stated that the Highland Park Trustee was the lessor of the

subject premises.

Thereafter Highland Park Trustee filed a countercomplaint for declaratory relief against Pepper Pot wherein it alleged that it was the "lessor" under the lease in issue, and that Pepper Pot had failed to give Highland Park Trustee proper notice of its intention to renew the lease. The countercomplaint asked the court to declare the lease terminated as of March 31, 1984, and to award possession of the premises to the Highland Park Trustee. Attached to the trustee's complaint was the affidavit of Larry, not "Lawrence," Klairmont stating that he was "sole beneficiary" of Highland Park Trust No. 2255.

Defendants then filed a motion to dismiss the declaratory relief count of Pepper Pot's complaint, contending that Pepper Pot's notice to renew the option was void because it was not given to the "lessor" of the property (Highland Park Trustee) as required by the lease.

Following a hearing the trial court entered an order providing in relevant part:

> "1. The notice to exercise the renewal option detailed in paragraph 23 of the lease was properly given when deposited in the mailbox on September 30, 1983 ***.
>
> 2. That *** the sole beneficial owner of the land trust, Larry Klairmont, received the notice on October 4, 1983.
>
> 3. The misspelling of the name 'Klairmont' as 'Clairmont' and the fact that the first name of the beneficial owner is 'Larry' and not 'Lawrence' as well as the fact that the notice to renew was directed to the agent of the land trust, Imperial Realty, and the sole beneficial owner of the land trust were not material variations of paragraph 23 of said lease. Therefore, the Court finds that plaintiff has properly exercised its option notice of the lease *** ."

Defendants and counterplaintiff filed a timely appeal from that order.

Appellants have not, in this court, challenged the trial court's finding that the misspellings of defendants' names were not a "material variation" from the requirements found in paragraph 23 of the lease, nor the trial court's finding that Pepper Pot's notice of its intent to renew was timely made. They, therefore, have waived consideration of these findings. 87 Ill. 2d R. 341(e)(7); *J.R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 443 N.E.2d 597.

■◀■ Thus the sole issue presented is whether, under all of the relevant facts, the trial court's conclusion that Pepper Pot had "properly exercised its option notice" under the lease is a correct one.

An Illinois land trust is a property ownership arrangement

whereby, pursuant to statute (Ill. Rev. Stat. 1983, ch. 29, par. 8.31), a trustee holds the legal and equitable title to the trust property and the beneficiary, who has a personal property interest, retains the power of direction over the trustee and the power to manage and receive income from the trust property. See *Wachta v. First Federal Savings & Loan Association* (1981), 103 Ill. App. 3d 174, 430 N.E.2d 708.

Highland Park Trustee contends that because the lease specified that notice of Pepper Pot's exercise of its option to renew should be given in "written notice to the Lessor" and that Highland Park (by virtue of the 1977 assignment of the lease to it by American National Bank), was the lessor, Pepper Pot never gave the "lessor" the requisite notice. Highland Park Trustee relies primarily on the case of *Kurek v. State Oil Co.* (1981), 98 Ill. App. 3d 6, 424 N.E.2d 56. In that case rental property was owned by a landlord-trustee, but managed by one of the land trust's five beneficiaries. The tenant prepared a notice of its intention to exercise its renewal option and gave the notice to the one managing beneficiary, rather than to the lessor-land trustee. The beneficiaries and trustee brought a forcible detainer action against the tenant. The trial court entered judgment in favor of the plaintiffs. The appellate court affirmed, holding that the lease provision was clear and unambiguous; notice was required to be sent to the "lessor," that is, the trustee, and the tenant had failed to so do.

> "In this case, defendant cannot now ignore the fact that title to the lease premises is vested with the trustee and that the trustee is the lessor of the premises. Indeed, it appears from the record that defendant communicated with the Trustee as lessor concerning certain improvements needed to the property." 98 Ill. App. 3d 6, 9.

The *Kurek* court distinguished the line of cases which recognize that, in some circumstances, a beneficiary of a land trust may lease trust property:

> "Defendant's reliance on *Klein v. Ickovitz* [(1970), 121 Ill. App. 2d 191, 257 N.E.2d 587] also is misplaced. In that case, a land-trust beneficiary-lessor was allowed to maintain an action for past due rent because she was the sole beneficiary and she retained power in the trust agreement to have full management and control of the trustee property. In reaching that decision, this court noted that the obligation to pay rent is governed by the lease and is not dependent upon title in the lessor. [Citation.]
> ***
> Since *Klein*, we have stated that a beneficiary of a conventional land trust may enter a valid contract to convey title to or

lease trust property when the trust agreement vests in him the sole right to direct the trustee to convey title. [Citations.]

Walter Kurek's actions on behalf of the beneficiaries in this case do not fall within the purview of the above cited cases. He was only one of five beneficiaries of [the Trust]. Moreover, Walter Kurek did not have the power of direction over the Trustee as required by the case law." 98 Ill. App. 3d 6, 9-10.

Plaintiff argues that *Kurek* is inapposite since here Klairmont was the sole beneficiary of the trust. Plaintiff cites to *Klein v. Ickovitz* (1970), 121 Ill. App. 2d 191, and *Southeast Village Associates v. Health Management Associates, Inc.* (1981), 92 Ill. App. 3d 810, 416 N.E.2d 325, for the proposition that when so authorized by the trust agreement, a sole beneficiary may properly enter into an enforceable lease for the trust property.

These cases make clear that the provisions of the trust agreement for the property in issue has some relevance to the issue here presented. Unfortunately, that agreement was not introduced at the trial court and is not contained in this record.

It has been recognized that, pursuant to Illinois Supreme Court Rule 366 (87 Ill. 2d R. 366), reviewing courts of this State have broad powers of remandment. (*Amgro, Inc. v. Johnson* (1979), 71 Ill. App. 3d 485, 389 N.E.2d 688.) "Where, as in this case, the record is not in a condition for the reviewing court to decide the issues presented with justice to all the parties, a reviewing court has the power to remand the case for further proceedings." (*Stopka v. Commercial Embroidery, Inc.* (1981), 101 Ill. App. 3d 974, 977, 428 N.E.2d 1130.) When the record discloses that all of the evidence on a material issue has not been produced, reversal of the trial court's order and remand for the taking of further evidence is appropriate. (*Kitzer v. Kitzer* (1971), 1 Ill. App. 3d 1016, 274 N.E.2d 610.) Because the trust agreement, as well as evidence relevant to issues noted hereafter, are missing from the record, we remand for the taking of further evidence.

Defendants further contend that the trial court erred in finding that plaintiff 'properly exercised" its option to renew the lease because in Illinois such lease provisions are construed to be "privileges" and not rights, and that such provisions are therefore strictly enforced and a lessee's failure to exercise the option in conformance with the lease provisions will result in loss of the right to renew.

■■ While such assertions find support in case law (*Dikeman v. Sunday Creek Coal Co.* (1900), 184 Ill. 546, 56 N.E. 864; *American National Bank & Trust Co. v. Lembessis* (1969), 116 Ill. App. 2d 5, 253 N.E.2d 126), it is likewise true that case law recognizes that a lessee

has a right to equitable relief from strict compliance with option to renew provisions when he demonstrates circumstances justifying such relief. (See, *e.g., Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.* (1983), 117 Ill. App. 3d 399, 453 N.E.2d 735; *Linn Corp. v. La Salle National Bank* (1981), 98 Ill. App. 3d 480, 424 N.E.2d 676.) Upon remand, the trial court should afford the parties opportunity to introduce evidence relating to these principles.

In a related argument, Pepper Pot raised the issue of equitable estoppel, and the question of whether it had notice of the assignment of the lease to Highland Park Trustee. It argues that because Klairmont "consistently allowed his name and the name of Imperial Realty to appear as owner of the property," he should be estopped from now asserting that notice directed to him is improper. Indeed, documents in the record indicate that the "owner" of the property has been listed variously as the Highland Park Trustee, "The American National Bank c/o The New World, 109 North Dearborn Street," "Larry Klairmont c/o Mr. Duffy"; "Larry Klairmont c/o Imperial Realty" and "Larry Klirmone c/o Imperial Realty Company." Defendants themselves stated that the notice would have been proper if it had been directed to "Highland Park Trustee, in care of either the beneficiary or Imperial Realty Co., as agents for the lessor."

Defendants respond that equitable estoppel does not apply here because Pepper Pot "either knew, should have known, or could easily have known that Highland Park Trustee" was the lessor. Again, we find the record contains insufficient facts to review this issue. Upon remand, the trial court should allow the parties opportunity to introduce further evidence on this issue.

In sum, we believe that the particular circumstances attendant to the relationship between these parties as it relates to the trust property must be produced and considered before a final judgment can be reached.

We note that we do not by this opinion infer any judgment as to the ultimate resolution of the issue posed; we merely conclude that further evidence is required.

For these reasons, the order of the trial court holding that plaintiff "has properly exercised its option notice of the lease" is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

HARTMAN and BILANDIC, JJ., concur.