R-FIVE, INC., Plaintiff and Counterdefendant-Appellant, v. SHADECO, INC., *et al.*, Defendants and Counterplaintiffs-Appellees.

First District (5th Division)   No. 1—98—2336

Opinion filed June 4, 1999.

Bryan J. Berry, of Storino, Ramello & Durkin, of Rosemont, for appellant.

Herbert P. Carlson, of Chicago, for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Defendants Shadeco, Inc., and Morningstar Lamp Company, Inc., leased certain industrial property, title to such property being held in an Illinois land trust in which plaintiff R-Five, Inc., was a named beneficiary. Plaintiff filed separate forcible entry and detainer actions against each defendant and subsequently these actions were consolidated by the trial court. Plaintiff now appeals the trial court's dismissal of its second amended complaints based on the trial court's finding that plaintiff, as a beneficiary under the terms of the trust agreement, could not be the lessor for purposes of the leases upon which the complaints are predicated and, therefore, had no standing to enforce the terms of the leases by forcible entry and detainer actions against the defendants as lessees.

The issue on appeal is whether plaintiff, as a beneficiary designated in the land trust agreement, could enter into and enforce the leases. We find that plaintiff did not violate the provisions of the land trust agreement by entering into the subject leases and was the lessor in the leases. Accordingly, plaintiff's complaints should not have been dismissed and we reverse the trial court's orders.

The dispute in the present case involves property commonly known as 4500 South Kolin Avenue (hereinafter referred to as the subject property). The legal titleholder of the subject property is an Illinois land trust identified as La Salle National Trust, N.A., as trustee under trust No. 118946, dated July 19, 1994 (hereinafter referred to as the Trustee). The trust agreement names two beneficiaries: (1) George J. Renaldi, Jr., as trustee under the George J. Renaldi, Jr., revocable trust dated November 29, 1983, and (2) plaintiff R-Five, an Illinois corporation.

Paragraph G of the trust agreement states in relevant part:

"(G) The beneficiary or beneficiaries hereunder in his, her or their own right shall have the management of said property and control of the selling, renting and handling thereof and the keeping, performing and enforcing of all leases and agreements and covenants running with the land, and each beneficiary or his or her agent shall collect and handle his or her share of the rents, earnings, avails and proceeds or in respect to the keeping, performing or enforcing of any leases, agreements, or covenants running with

the land, or in respect to the payment of taxes or assessments or in respect to insurance, litigation or otherwise, except as herein otherwise provided. No beneficiary hereunder shall have any authority to contract for or in the name of the Trustee or to bind the Trustee personally. No legal action shall be brought in the name of the Trustee without its prior consent in writing."

In September 1994, by two separate industrial building leases, Shadeco and Morningstar Lamp leased portions of the subject property. First, on September 28, 1994, Shadeco, as the lessee, executed an industrial building lease with a rider for a portion of the subject property. Second, on September 29, 1994, Morningstar Lamp, as the lessee, executed an industrial building lease with a rider for another portion of the subject property.

Within the two leases and the two riders, the lessor is identified four times. The first page of each lease expressly designates "LESSOR R-Five, Inc., Beneficiary under La Salle National Trust No. 118946 c/o Joseph G. Kusper." Each rider provides "R-FIVE, INC., BENEFI-CIARY UNDER La Salle NATIONAL TRUST No. 118946 ('Lessor')." The signature line of each rider states "La Salle NATIONAL TRUST NO. 118946 By: R-Five, Inc., Beneficiary." The signature line of each lease states "LESSOR: La Salle National Trust No. 118946 BY: R-Five, Inc." Both leases and both riders are signed by Joseph G. Kusper, who is identified as the vice president of R-Five.

On March 22, 1996, two separate complaints in forcible entry and detainer were filed by the Trustee against Shadeco and Morningstar Lamp, respectively. Each complaint alleged that the respective defendant had violated its lease by failing to pay rent and to maintain the premises in a clean and healthful condition. Each complaint further alleged that the respective defendant had received notice of the violations by a landlord's 10-day notice, which was served on February 21, 1996. Each complaint sought immediate possession of the leased premises and holdover rent.

The complaints subsequently were amended, restating the same allegations (failure to pay rent and to maintain the premises in a clean and healthful condition) and seeking the same relief (possession and monetary damages); however, they sought increased monetary damages. Alias summonses were issued and served. The trial court entered an order on April 22, 1996, to initiate discovery.

Shadeco and Morningstar Lamp filed counterclaims for constructive eviction, on April 29, 1996, and May 30, 1996, respectively. Subsequently, Shadeco and Morningstar Lamp apparently vacated the subject property, on May 28, 1996, and June 10, 1996, respectively. On July 1, 1996, the trial court consolidated the individual cases against Shadeco and Morningstar Lamp for purposes of trial and discovery.

In 1997, defendants filed a notice and subpoena for records from the then plaintiff Trustee pertaining to all trust records as to trust No. 118946. Later, defendants filed a motion to dismiss the Trustee's first amended complaints for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2— 615 (West 1996)). Defendants directed attention to specific provisions in the trust agreement that designate R-Five as a beneficiary and that prohibit any beneficiary from contracting in the name of the trustee. Defendants further contended that the leases at issue were executed by R-Five, a beneficiary, as agent of the trust without authority to do so and in violation of the express language of paragraph (G) of the trust agreement. Accordingly, defendants argued that the Trustee cannot ever succeed in pursuing a claim for breach of the leases in question.

The Trustee was dismissed from the litigation with prejudice and R-Five was substituted as the plaintiff by agreed order dated October 7, 1997. On October 10, 1997, a second amended complaint was filed against defendants with R-Five as plaintiff. In contrast with the two previously filed complaints, plaintiff now sought monetary damages only; the claim for possession then being moot. In its second amended complaint, plaintiff stated that it was a beneficiary under the subject trust agreement, that the trust is the legal titleholder of the subject property, and, as beneficiary, plaintiff leased portions of the subject property to defendants.

In response, defendants filed a motion to dismiss plaintiff's second amended complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)) and for plaintiff's alleged lack of capacity to sue pursuant to section 2—619(a)(2) (735 ILCS 5/2—619(a)(2) (West 1996)).

By order dated December 19, 1997, the trial court (Judge Sophia Hall) denied defendants' section 2—619(a)(2) motion to dismiss, finding that plaintiff R-Five had the legal capacity to sue under the leases. Subsequently, Judge Hall denied defendants' motion to reconsider and clarified that the December 19, 1997, order "in no way is a ruling on whether plaintiff R-Five Inc. is the lessor under the leases, that matter being left for adjudication in the pending motion to dismiss (entitled renewed motion)."

The renewed motion to dismiss to which Judge Hall referred in her order was filed on January 13, 1998, by defendants and was entitled a renewed motion to dismiss the second amended complaint. After the parties filed appropriate subsequent pleadings, the trial court (Judge Michael Murray) heard oral argument on April 3, 1998, and entered an order stating that it was taking the matter under advisement.

Ultimately, the trial court entered two orders (April 8 and May 28, 1998) that granted defendants' motion to dismiss and that are now on appeal before this court. First, on April 8, 1998, the trial court summarily granted defendants' motion to dismiss with prejudice. Second, on May 28, 1998, in response to plaintiff's motion for clarification, the trial court issued another order to clarify its dismissal order ruling as follows:

"The court granted the defendants' motion to dismiss plaintiff's second amended complaint because the leases are unenforceable. R-FIVE [plaintiff] signed the leases on behalf of La Salle National Trust (now La Salle National Bank) as Trustee. Pursuant to the trust agreement, no beneficiary can contract for, or in the name of, the Trustee. The lessor is the Trust. R-FIVE [plaintiff] is not an agent of the lessor and has no standing to enforce these forcible entry and detainer actions."

We review *de novo* a ruling on a motion to dismiss under either section 2—615 or section 2—619 because the resolution of either motion involves only a question of law. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1047 (1998).

On appeal, plaintiff asserts that the leases unambiguously identify R-Five as either the actual or intended lessor and the trust agreement did not prohibit plaintiff's entering into the leases. Defendants' primary position is that paragraph G of the trust agreement renders the leases unenforceable because it prohibits a beneficiary from contracting "for or in the name of the Trustee."

■ A beneficiary of a land trust, on its own behalf, can enter into a lease. "[T]he law authorizes either the beneficiary or the trustee of a land trust to act in the capacity of lessor when the provisions of the governing trust agreement so authorize." *Harden v. Desideri*, 20 Ill. App. 3d 590, 598 (1974), citing *Klein v. Ickovitz*, 121 Ill. App. 2d 191 (1970), and *Guaranty Bank & Trust Co. v. Reyna*, 51 Ill. App. 2d 412 (1964); see also *Southeast Village Associates v. Health Management Associates, Inc.*, 92 Ill. App. 3d 810, 811 (1981).

In *Klein*, the relevant language of the trust agreement at issue provided that the named beneficiary of the land trust " 'shall in *** her *** own right have the full management of said real estate and control of the selling, renting and handling thereof.' " *Klein*, 121 Ill. App. 2d at 195. In *Klein*, this court specifically found "this language clearly effective to give [the beneficiary] the requisite authority to enter into the lease in question as she did." *Klein*, 121 Ill. App. 2d at 195.

■ The language of the trust agreement in the instant appeal is virtually identical to the language of the trust agreement in *Klein*:

"The beneficiary *** in his *** own right shall have the management of said property and control of the selling, renting and handling thereof ***." Furthermore, the subject trust agreement also provides that the beneficiary "shall have *** control of the keeping, performing and enforcing of all leases and agreements and covenants running with the land." As we found in *Klein*, we hold here that the language of the subject trust agreement grants the beneficiary the authority to enter into a lease agreement *on its own behalf*.

Just as clearly, the present trust agreement prohibits a beneficiary from contracting for the Trustee by providing that "[n]o beneficiary hereunder shall have any authority to contract for or in the name of the Trustee or to bind the Trustee personally." This language directly corresponds with the prohibition in a similar trust agreement that this court considered in *Feinberg v. Great Atlantic & Pacific Tea Co.*, 131 Ill. App. 2d 1087 (1970), the case on which the instant defendants primarily rely.

Like the instant trust agreement, the land trust agreement in *Feinberg* "provided that no beneficiary should have any authority to contract for or in the name of the trustee or to bind the trustee personally." *Feinberg*, 131 Ill. App. 2d at 1088. In holding that the underlying lease was not enforceable because the beneficiary had signed it as an agent of the trustee, this court noted: " 'One of the most common errors is for a beneficiary to execute a lease in the name of the land trustee by himself as *agent*. Such a lease *** is meaningless and not binding upon the trustee since the beneficiary is not an *agent* of the trustee.' " (Emphasis added.) *Feinberg*, 131 Ill. App. 2d at 1090, quoting H. Kenoe, Land Trusts 43—44, Chicago Bar Association (1967). The beneficiary in *Feinberg* expressly executed the lease as "Authorized Agent" of the trustee.

■ Unlike the beneficiary in *Feinberg*, the beneficiary plaintiff in the present case never indicated anywhere in either the leases or the riders that it was acting as an *agent* of the trustee. Moreover, both in their appellate brief and at oral argument before this court, defendants adamantly, but incorrectly, contended that "nowhere does the word 'beneficiary' appear in the execution of these leases." The express wording of the two leases and their respective riders completely contravenes defendants' contention. The word that does not appear anywhere in the leases or riders is the word "agent." The first page of each lease identifies the lessor as "R-Five, Inc., *Beneficiary*." (Emphasis added.) The two riders identify the lessor as "R-FIVE, INC., *BENEFICIARY*." (Emphasis added.) The signature lines of the two riders designate "R-Five, Inc., *Beneficiary*." (Emphasis added.)

As to the signature lines of each lease, the lessor is designated

"La Salle National Trust No. 118946 *BY: R-Five, Inc.*" (Emphasis added.) The two leases and the two riders are signed by Joseph G. Kusper, as vice president of R-Five.

We find that the express language in paragraph (G) of the land trust agreement denied R-Five, as a beneficiary, the authority to contract in the name of the trustee and also granted R-Five, as a beneficiary, the authority to enter into the leases in its own name. Based on the language of the two leases and the two riders, we find that the lessor was clearly and permissibly identified as R-Five, in its individual capacity, and not as an agent of the trustee. We hold that the leases are enforceable by the lessor, R-Five. Accordingly, we reverse the trial court's orders that dismissed with prejudice plaintiff's second amended complaint (entered on April 8, 1998) and that clarified its dismissal order (entered on May 28, 1998).

Reversed.

HOURIHANE, P.J., and THEIS, J., concur.